UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RICHARD DIAZ,**<br><br>　　　　　Plaintiff,<br><br>v.<br><br>**CITY OF PASSAIC et al.,**<br><br>　　　　　Defendant. | Civil Action No. 16-9282 (JMV)<br><br>**OPINION AND ORDER** |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a motion by Plaintiff Richard Diaz ("Plaintiff") for leave to file an Amended Complaint [ECF No. 8]. Hector Lora, Luis Guzman, Carlos Figueroa, Gary Schaer, and Zaida Polanco[1] (collectively "the Proposed Defendants") oppose Plaintiff's motion [ECF Nos. 10, 12]. For the reasons set forth below, Plaintiff's Motion to Amend [ECF No. 8] is **GRANTED**.

**I. BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff commenced this action on November 4, 2016 by filing a six-count Complaint in the Superior Court of New Jersey, Passaic County Law Division against Defendants City of Passaic ("Passaic"), John Doe 1-10, and ABC Corp. 1-10. Compl. at 9, ECF No. 1. Plaintiff's initial Complaint alleges, *inter alia*, that Plaintiff was placed on administrative leave from his position as Public Safety Director for Passaic after announcing his candidacy for Mayor of the City of Passaic. *See* Compl. ¶¶ 4-13. According to Plaintiff, Passaic violated its constitutional rights

---

[1] There is some confusion as to the spelling of Carlos Figueroa and Zaida Polanco. On the caption to his Amended Complaint, Plaintiff lists "Carols Figueroa" and "Saida Polanco" *See* Amended Compl., ECF No. 6. However, in their opposition papers the parties spell their names "Carlos Figueroa" and "Zaida Polanco." *See* ECF Nos. 10,12. Because the parties use two different spellings, for the sake of clarity, the Court will use the spelling used by each individual in their opposition papers.

1

when Defendant suspended him "based solely upon third party allegations, and without providing Plaintiff with notice of said suspension and/or by failing to afford Plaintiff an opportunity to have a hearing prior to his suspension." *Id.* ¶ 16. Passaic removed the action to this Court on December 15, 2016 pursuant to 28 U.S.C. §§ 1441 and 1446, citing this Court's federal question jurisdiction under 28 U.S.C. § 1331. *See* Notice of Removal ¶¶ 1-5, ECF No. 1 ("NOR").

On February 24, 2017, the Court entered a Pretrial Scheduling Order which provided that "[a]ny motion to amend the pleadings must be filed by May 26, 2017 and shall be made returnable on June 19, 2017." Pretrial Scheduling Order ¶ 16, ECF No. 4 ("Scheduling Order"). Without consent of counsel or leave of the Court, Plaintiff filed his Amended Complaint on May 25, 2017. *See* Amended Compl., ECF No. 6. According to Plaintiff, he mistakenly believed that the Pretrial Scheduling Order granted him leave to file an Amended Complaint without further leave of Court. *Id.* On June 16, 2017, the Court held a telephone conference with the parties and advised Plaintiff that the instant motion would be necessary absent the consent of all counsel. *See* ECF No. 8-2. The Proposed Defendants and Passaic refused to consent.[2] *Id.* Subsequently, Plaintiff filed the present motion for leave to file an Amended Complaint seeking to add additional defendants and claims. ECF No. 8.

In the present motion, Plaintiff argues that pursuant to Federal Rule of Civil Procedure 15(a), the Court should grant Plaintiff's Motion to Amend because "there cannot even be a suggestion of undue delay, bad faith, prejudice or futility." Pl.'s Br. Mot. Amend at 3. In their opposition brief, the Proposed Defendants contend that Plaintiffs proposed Amended Complaint is futile because it fails to state a claim upon which relief can be granted. *See* Defs.' Br. Opp'n at

---

[2] According to Plaintiff, the Proposed Defendants Hector Lora and Alex Blanco consented to the filing of the Amended Complaint. *See* Pl.'s Br. Mot. Amend at 3, ECF No. 8-2; *See also* Pl.'s Reply Br. at 1, ECF No. 13. The Court notes that Alex Blanco has not submitted any opposition to Plaintiff's Amended Complaint, but on July 17, 2017, Hector Lora filed a brief in opposition. *See* Lora's Opp'n Br. , ECF No. 12.

10, ECF No. 10 (Schaer's Opp'n Br."); *See also* Defs.' Br. Opp'n, ECF No. 12 ("Lora's Opp'n Br.").

Plaintiff's proposed Amended Complaint seeks to add Defendants Hector Lora, Luis Guzman, Gary Schaer, Alex Blanco, Carlos Figueroa, Zaida Polanco and Peter Rosario. Plaintiff also seeks to add an additional claim asserting that Passaic is liable for the actions of its employees and agents. Amended Compl. ¶ 63 (Seventh Count), ECF No. 6.

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." The decision to grant leave to amend rests within the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research Inc.,* 401 U.S. 321, 330 (1970). In determining a motion for leave to amend, courts consider the following factors: (1) undue delay on the part of the party seeking to amend; (2) bad faith or dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice on the opposing party; and/or (5) futility of the amendment. *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). In addition, "[t]he Third Circuit has consistently emphasized the liberal approach to pleading embodied by Rule 15*." Endo Pharma v. Mylan Techs Inc.*, 2013 U.S. Dist. LEXIS 32931, at *4 (D. Del. Mar. 11, 2013). The Court should only deny leave when these factors "suggest that amendment would be 'unjust'. . . ." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006).

The Proposed Defendants do not allege that Plaintiff's proposed amendments are a product of bad faith, undue delay or that they would cause undue prejudice. Rather, the Proposed

3

Defendants challenge Plaintiff's proposed amendments on "futility" grounds. A proposed amendment is considered futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imps., Inc.,* 133 F.R.D. 463, 468 (D.N.J. 1990) (citations omitted). In determining whether an amendment is insufficient on its face, the Court employs the same standard as in a Rule 12(b)(6) motion to dismiss. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997) (citation omitted). Under a Rule 12(b)(6) analysis, the question is not whether the movant will ultimately prevail, and detailed factual allegations are not necessary to survive such a motion. *Antoine v. KPMG Corp.,* 2010 WL 147928, at *6 (D.N.J. Jan. 6, 2010). If a proposed amendment is not clearly futile, then denial of leave to amend is improper. *Meadows v. Hudson County Bd. of Elections,* 2006 WL 2482956, at *3 (D.N.J. Aug. 24, 2006).

With respect to Plaintiff's proposed amendments seeking to add Gary Schaer and Zaida Polanco, the Proposed Defendants assert that Plaintiff's amendment is futile because "neither of these individuals had any involvement in the acts alleged in the amended pleading nor does Plaintiff's Amended Complaint assert sufficient factual allegations" to support their inclusion in this matter. Schaer's Opp'n Br. at 1. As to Plaintiffs proposed amendments seeking to add Hector Lora, Luis Guzman, and Carlos Figueroa, the Proposed Defendants assert that "Plaintiff's proposed Amended Complaint fails to make any actionable allegations of any act or omission related to these [Proposed] Defendants." Lora's Opp'n Br. at 1. The Proposed Defendants further assert that the "proposed amendments to [Plaintiff's] Complaint are futile as they fail to state a claim upon which relief can be granted." *Id*.

While the Proposed Defendants may be correct in their assertions regarding the viability of Plaintiff's proposed amendments, it appears to the Court that a ruling on the Proposed

4

Defendants' futility arguments in the context of the present motion would require legal determinations better suited for a motion to dismiss. Accordingly, the Court declines to find at this juncture that Plaintiff's proposed amendments are clearly futile. Based on the foregoing, Plaintiff's motion for leave to file an Amended Complaint is **GRANTED**.

### III. CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 8th day of January, 2018,

**ORDERED** that Plaintiff's motion for leave to file an Amended Complaint [ECF No. 8] is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall file and serve his Amended Complaint within **seven (7) days** from the date of this Order.

    s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**